IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LOETTA DENISE BENNETT,

           Plaintiff,

vs.                            Case No. 14-1246-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

           Defendant.

MEMORANDUM AND ORDER

Plaintiff filed an application for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA) (Doc. 22). The motion has been fully briefed by the parties.

I. General legal standards

The EAJA provides for an award of attorney fees to a prevailing party in a suit against the United States unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. Hackett v. Barnhart, 475 F.3d 1166, 1172 (10th Cir. 2007); Estate of Smith v. O'Halloran, 930 F.2d 1496, 1501 (10th Cir.1991). Under the EAJA, a prevailing party includes a plaintiff who secures a sentence four remand reversing the Commissioner's denial of benefits as to "any significant issue in litigation which achieve[d] some of the benefit ... sought in

1

bringing suit." Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 791-92, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989); Sommerville v. Astrue, 555 F. Supp.2d 1251, 1253 (D. Kan. 2008).

The Commissioner bears the burden to show that his position was substantially justified. Gilbert v. Shalala, 45 F.3d 1391, 1394 (10th Cir.1995). However, the party seeking the fees has the burden to show that both the hourly rate and the number of hours expended is reasonable in the circumstances. Hensley v. Eckerhart, 461 U.S. 424, 433-34, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); Sommerville v. Astrue, 555 F. Supp.2d at 1253.

The test for substantial justification is one of reasonableness in law and fact. Thus, the government's position must be justified to a degree that could satisfy a reasonable person. The government's position can be justified even though it is not correct. Hackett, 475 F.3d at 1172; see Madron v. Astrue, 646 F.3d 1255, 1257-58 (10th Cir. 2011). EAJA fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position. Hackett, 475 F.3d at 1174.

**II. Was the position of the Commissioner substantially justified?**

The Commissioner argues that attorney fees should not be awarded under the EAJA because of the Commissioner's contention

that the position of the government was substantially justified. As noted above, the Commissioner has the burden of proof to show that her position was substantially justified.

In this case, the ALJ found that plaintiff was disabled as of December 13, 2011, but not before that date.  December 13, 2011 was the same date that Dr. Nickel, plaintiff's treating physician, examined and treated plaintiff.  The ALJ noted 11 chronic problems that plaintiff was suffering from on that date, according to Dr. Nickel (R. at 25, 491).  However, those same 11 chronic problems were also documented by Dr. Nickel on December 8, 2010, February 16, 2011, February 24, 2011, and May 16, 2011 (R. at 399, 405, 408, 426, 491).  The court found that the medical findings in the December 13, 2011 medical record which the ALJ relied on to find that she had greater limitations as of that date, but not before, were present in a very similar, if not identical form, in the medical records of Dr. Nickel prior to December 13, 2011, especially in the medical record of February 24, 2011.  The court found nothing in the December 13, 2011 report, when compared to the earlier medical records from her treating physician, which would support a finding that plaintiff had limitations as of December 13, 2011, but not before, which would prevent her from working.  The court found that a review of the medical records from Dr. Nickel did not provide a rational basis for finding that plaintiff had

3

limitations that prevented her from working as of December 13, 2011, but not before that date.

The court also found that the ALJ failed to provide a reasonable explanation for giving the opinions of Dr. Nickel, dated July 23, 2012 great weight as of December 13, 2011, but not before.  Likewise, the ALJ provided no reasonable explanation for giving the January 4, 2012 opinions of Dr. Timmerman, who provided a "current assessment" for plaintiff, great weight prior to December 13, 2011, but little weight on or after that date.

Defendant, in her brief, noted that Dr. Estivo examined plaintiff on July 2, 2011, but did not recommend any specific limitations.  However, it is clear that the ALJ rejected this opinion in finding that, prior to December 13, 2011, plaintiff was limited to medium work.[1]

As this court indicated in its opinion, the ALJ also failed to provide a rational basis for finding plaintiff credible beginning December 13, 2011, but not fully credible prior to that date.  The ALJ relied on plaintiff's own report that she was able to dote on her grandchildren, pay bills, and perform household chores, despite her impairments (R. at 24).  However, the ALJ failed to indicate how these activities translate into the ability to perform medium work over an 8 hour workday.

---

[1] Likewise, Dr. Timmerman, who reviewed the records and performed a state agency physical assessment, also limited plaintiff to medium work on January 4, 2012 (R. at 85-86).

After citing to case law in this and other circuits, the court concluded that the fact that plaintiff dotes on her grandchildren, shops, pays bills, and performs household chores does not demonstrate that plaintiff can engage in work at a competitive level over an 8 hour day, and is not inconsistent with plaintiff's allegation of disability.

In conclusion, the court found that the ALJ failed to provide a rational basis for finding that plaintiff's RFC worsened as of December 13, 2011, but not before that date.  On the facts of this case, the position of the government was not substantially justified.

**IV. Are the attorney fees requested by plaintiff's counsel reasonable?**

Plaintiff's counsel states that he worked 40.75 hours on this case (including 2 hours working on this motion), and would be entitled to an award of $7,724.97 (based on an hourly fee of $189.57).  Defendant, in her brief, did not contest the amount of attorney fees being requested by plaintiff's counsel.  As this court has indicated in the past, the typical EAJA fee application in social security cases is between 30 and 40 hours. Williams v. Astrue, 2007 WL 2582177 at *1 & n.3 (D. Kan. Aug. 28, 2007); see Lavoie v. Colvin, 2016 WL 4181323 at *3 (D. Kan. Aug. 8, 2016)(As judges in this district have noted for more than twenty years, a typical number of hours claimed in EAJA

5

applications in "straightforward" disability cases is between thirty and forty hours). Defendant, in her brief, did not contest the amount of attorney fees being requested by plaintiff's counsel. The court finds that the hours spent by counsel was reasonable. Therefore, a reasonable attorney fee pursuant to the EAJA is $7,724.97. Defendant had no objection to plaintiff's request for an award of costs.

IT IS THEREFORE ORDERED that plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act (Doc. 22) is granted, and the Commissioner is ordered to pay plaintiff an attorney fee in the amount of $7,724.97.

IT IS FURTHER ORDERED that plaintiff's motion for reimbursement of the filing fee in the amount of $400.00 is granted. The Commissioner is ordered to pay plaintiff $400.00 for the costs of this action from the Judgement Fund administered by the United States Treasury Department.

Dated this 7th day of October 2016, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge